# Exhibit 1

# ADDENDUM R-1

U.S. Department of Labor



DEC 3 1 2008

Mr. Daniel K. Shipp, President
International Safety Equipment Association
1901 North Moore Street
Arlington, Virginia 22209-1262

Dear Mr. Shipp:

This letter is in response to your May 19, 2008 letter in which you requested that the Occupational Health and Safety Administration (OSHA) address whether ordinary principles of conflict preemption preclude state courts from finding that OSHA-required, National Institute for Occupational Safety and Health (NIOSH) certified respirators have been defectively designed, labeled, or packaged when their design, packaging, and labeling comply with all applicable federal regulatory standards and conditions of certification.

OSHA believes that, under certain circumstances, conflict preemption does preclude such claims. OSHA has promulgated an occupational safety and health standard requiring that "[r]espirators shall be provided by the employer when such equipment is necessary to protect the health of the employee."[1] The OSHA standard also specifies that the "employer shall select a NIOSH-certified respirator. The respirator shall be used in compliance with the conditions of its certification."[2] Inconsistent state court decisions could cumulatively interfere with OSHA's federal regulatory scheme by disrupting the manufacture and ready supply of NIOSH-approved respirators. OSHA notes that State legislators and regulators in States with State OSH plans may adopt alternative respirator requirements that are at least as protective as federal standards. Such state plan requirements, however, are subject to federal OSHA approval to ensure they are required by compelling local conditions and do not unduly burden interstate commerce.[3]

Principles of conflict preemption are relevant whether the federal objective is expressed directly in a federal statute, or is embodied in regulations developed and issued by a federal agency directed by Congress to implement the program in question. For example, in *Geier v. American Honda Motor Co., Inc.*[4], the Supreme Court held that a state court tort judgment, essentially requiring all automobiles to be equipped with airbags, was preempted by U.S. Department of Transportation (DOT) regulations that had been

---

[1] 29 CFR §1910.134(a)(1).
[2] *Id*, §1910.134 (d)(1)(ii).
[3] See 29 U.S.C.§667(c)(2).
[4] 529 U.S. 861 (2000).

formulated by DOT to require some, but not all, 1987 autos to be so equipped. DOT regulations had been carefully devised to simultaneously ensure that safety problems and high production costs could be overcome, and driver acceptance gradually increased, over the relevant time period.

The Court reached this conclusion despite the fact that the Federal Motor Vehicle Safety Act (FMVSA) contained a broadly-worded savings clause which stated that "[c]ompliance with a federal safety standard does not exempt any person from any liability under common law."[5] The *Geier* Court declined to give this savings clause such broad effect as to save design defect claims of this nature from being preempted because doing so "would upset the careful regulatory scheme established by federal law."[6]

OSHA's ability to ensure worker protection depends on the availability of safe and effective respiratory protection devices for employees throughout the nation's workplaces. For this reason, the OSHA/NIOSH regulatory scheme requires manufacturers to obtain NIOSH approval of their respirators before they may be used in the workplace. Moreover, it is unlawful to change the characteristics of a respirator without further NIOSH approval. Because the NIOSH approval process can be quite lengthy, this has the legal effect of locking a manufacturer into a design for substantial periods of time.

A state tort suit in which a jury imposed a different design standard than that approved by NIOSH and required by OSHA would likely substantially interfere with the federal scheme of safety and health regulation, as manufacturers may well decline to produce NIOSH-approved respirators – that is, respirators manufactured in accordance with the designs required by OSHA and NIOSH – if the production of such respirators will subject them to substantial tort liability. Indeed, in some instances the judgments of state courts may be irreconcilable with the judgments of NIOSH. Because manufacturers are locked into an approved design once NIOSH has issued a certificate, such state court judgments could lead to the permanent withdrawal of these necessary, OSHA-required safety devices from the market.

OSHA requires the use of NIOSH-approved respirators because of NIOSH's considerable expertise in balancing the competing concerns at issue in respirator design -- for example, the need to filter out harmful particles while at the same time allowing a

---

[5] *Geier*, 529 U.S. at 868 (quoting 15 U.S.C. § 1397(k)). The OSH Act includes a somewhat narrower "savings clause" that provides "[N]othing in this Act shall...enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 654 (b)(4). Whether the OSH Act savings clause applies only to suits by employees against employers, or more generally to third-party suits of the kind you reference in your letter, need not be resolved here. As *Geier* clearly demonstrates, conflict preemption principles will apply even if §4(b)(4) is viewed as applicable to third-party suits.
[6] *Geier* at 870.

2

sufficient inflow of breathable air. OSHA relies on NIOSH's design criteria to ensure "that respirators (are) reliable and that they perform in the manner and to the extent that the user and employer expect. If respirators fail to perform as expected, the user will be at greatly increased risk of suffering serious, sometimes fatal occupational disease or injury."[7]

NIOSH has carefully calculated the risks and benefits associated with various design specifications and labeling of respirators, and it has deliberately, after extensive testing and research, created requirements that respirator manufacturers must follow if they are to sell respirators to employers. OSHA has, pursuant to its authority under the OSH Act, mandated that employers provide only NIOSH-approved respirators. To allow juries to enforce their own views of respirator design specifications and labeling for which NIOSH, as an expert agency, has already created standards and requirements, would directly conflict with OSHA's mandate that employers only use respirators designed and manufactured in accordance with NIOSH requirements.

For these reasons, OSHA believes that the principles of conflict preemption preclude state courts from finding that OSHA-required, NIOSH-certified respirators are defective when such respirators comply with NIOSH requirements.

Sincerely,

Thomas M. Stohler
Acting Assistant Secretary

---

[7] 60 FR 30353.

3