# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

STATE OF WEST VIRGINIA
*ex rel.* JOHN B. MCCUSKEY,
*Attorney General*,

       Plaintiff,

v.                                                                          CIVIL ACTION NO.   2:25-cv-00750

3M COMPANY, *formerly known as*
*Minnesota Mining and Manufacturing Co.,*

       Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *The State's Motion to Set Aside, Alter, or Amend the Judgment Order* (Document 36) and *3M's Opposition to the State's Motion to Set Aside, Alter, or Amend the Judgment Order* (Document 37).

West Virginia filed this action in the Circuit Court of Kanawha County, seeking both civil penalties and an injunction against 3M under the WVCCPA for alleged misrepresentations and omissions related to the selling and advertising of its 8210 respirator.   3M removed this action to federal court on December 23, 2025, under the doctrine of federal officer removal, asserting that West Virginia's claim related to work 3M did for the federal government in supplying N95 respirators, including the 8210 respirator, to FEMA during the COVID-19 pandemic.   West Virginia moved to remand, and 3M subsequently moved to dismiss.

This Court entered a *Memorandum Opinion and Order* (Document 31) and *Judgment Order* (Document 34) on April 21, 2026, denying West Virginia's motion to remand and granting 3M's motion to dismiss. Related to the motion to remand, the Court found it had jurisdiction under § 1442(a)(1) after finding that 3M satisfied all requirements for federal officer removal. (Document 31 at 7-21.) Specifically, the Court found that 3M acted under a federal officer because "the federal government, pursuant to the DPA, mandated that 3M supply NIOSH-approved respirators" to FEMA and because there was a "close relationship between 3M and the federal government in responding to a national emergency." (*Id.* at 10-12.) Further, the Court found that there was a sufficient nexus, concluding that, based on 3M's theory of the case, "West Virginia's claim against 3M relates to labeling that was required for NIOSH-approved respirators supplied to FEMA," and that those respirators, which do not contain the labeling that West Virginia indicates should be required, could still be in circulation due to their long shelf life. (*Id.* at 14.) Lastly, the Court found that 3M asserted two colorable federal defenses, specifically, DPA immunity and preemption. (*Id.* at 17-20.) Turning to the motion to dismiss, the Court found that West Virginia's claim conflicts with federal law and therefore was preempted. (*Id.* at 25-34.) Specifically, the Court found that it would be "impossible for 3M to independently comply with West Virginia's claimed labeling requirements without running afoul of NIOSH requirements." (*Id.* at 27.) The Court further found that to the extent other aspects of West Virginia's claim would not require NIOSH approval, its claim was still preempted because it would stand as an obstacle to the significant objectives that Congress sought to achieve "when it authorized the creation of the NIOSH and MSHA regulatory scheme under the OSH and Mine Acts" (*Id.* at 27, 31.)

2

West Virginia now asks this Court to set aside, alter, or amend its judgment pursuant to Rule 59(e). It contends that there has been an intervening change in controlling law because a day after this Court issued its *Memorandum Opinion*, the Supreme Court issued a decision in *Hencely v. Flour Corp.*, 608 U.S. —, 146 S.Ct. 1086 (2026), reversing "the Fourth Circuit's finding of preemption of a state-law tort claim in a war zone abroad." (Pl.'s Mot. at 1.) West Virginia asserts that courts rarely invoke obstacle preemption and that this Court's ruling represents the kind of "'broad' preemption 'sweep'" found to be contrary to law in *Hencely*. (*Id.* at 17.) West Virginia also contends that there is currently a pending Supreme Court case, *Monsanto Co. v. Durnell*, No. 24-1068, which it asserts "may provide further guidance on some of the larger preemption issues" in this case. It argues that the WVCCPA is not an occupational health and safety standard and is a "state law of general applicability," which the Court in *Gade* explained "would generally not be pre-empted."[1] (*Id.* at 7 (quoting *Gade v. Nat'l Solid Waste Mgmt. Ass'n*, 505 U.S. 88, 107-08 (1992).) It further argues that to the extent its claim under the WVCCPA is considered a health and safety standard, it would be saved by both § 667(a)[2] and §

---

[1] West Virginia further relies on a decision by the California Supreme Court in *Solus Indus. Innovations, LLC v. Superior Court*, 410 P.3d 32 (Cal. 2018).

[2] § 667(a) provides:

> Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title."

29 U.S.C. § 667(a).

653(b)(4)[3] of the OSH Act, as well as § 955(b) of the Mine Act.[4]   West Virginia asserts that even though "it was theoretically possible that NIOSH could have (likely for the first time) rejected 3M's attempts to change what it put on the 8210 and 8210 box," that argument is the same kind of "'possibility of impossibility' argument [that is] insufficient to support preemption."   (*Id.* at 10.) It further asserts that its claim is not limited to labeling, that 3M could have provided supplemental information without NIOSH approval, that NIOSH's regulatory role differs, and that 3M could have nonetheless complied with both its claim and NIOSH requirements.   Lastly, West Virginia argues that 3M has failed to satisfy the nexus requirement for federal officer removal given that none of West Virginia's requested relief would be applicable to the respirators 3M supplied to FEMA.[5]

---

[3]  § 653(b)(4) provides:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4).

[4]  § 955(b) provides:

> The provisions of any State law or regulation in effect upon the operative date of this chapter, or which may become effective thereafter, which provide for more stringent health and safety standards applicable to coal or other mines than do the provisions of this chapter or any order issued or any mandatory health or safety standard shall not thereby be construed or held to be in conflict with this chapter. The provisions of any State law or regulation in effect on December 30, 1969, or which may become effective thereafter, which provide for health and safety standards applicable to coal or other mines for which no provision is contained in this chapter or any order issued or any mandatory health or safety standard, shall not held to be in conflict with this chapter.

30 U.S.C. § 955(b).

[5]  West Virginia also relies on the Supreme Court's recent decision in *Chevron USA Inc. v. Plaquemines Parish, La.*, 608 U.S. —, 146 S.Ct. 1052 (2026), contending that the Court cautioned against a "broad, unrestrained assertion of a 'nexus.'"   (Pl.'s Mot. at 20 n.18.)

3M argues that none of the reasons for granting relief under Rule 59(e) are applicable because West Virginia merely reasserts old arguments and asserts arguments that it could have previously made.  3M asserts that West Virginia offers no basis for this Court to reconsider its remand decision and that the Supreme Court's recent decision in *Chevron USA Inc. v. Plaquemines Parish, La.*, 608 U.S. —, 146 S.Ct. 1052 (2026) supports this Court's decision.  It contends that the Supreme Court's decision in *Hencely* is not applicable and therefore does not constitute an intervening change in controlling law, given that it concerned federal common law preemption rather than statutory preemption at issue in this case.  It further contends that West Virginia "offers no support for its hope of future guidance from the forthcoming decision in *Monsanto Co. v. Durnell*."  (Def.'s Resp. at 6.)  3M also argues that West Virginia could have raised its preemption arguments in its earlier briefing, and therefore, for that reason, its Rule 59(e) motion should be denied.  Nonetheless, 3M asserts that this Court correctly found that West Virginia's claim is preempted.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment.  The decision to alter or amend a judgment under Rule 59(e) lies within the sound discretion of the trial court.  *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir.1960).  The burden to show adequate grounds is on the party seeking the alteration or amendment.  11 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 2803 (3d ed.).  The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions

may not be used, however, to raise arguments which could have been raised prior to the issuance

of the judgment, nor may they be used to argue a case under a novel legal theory that the party had

the ability to address in the first instance." *Id.*  The Fourth Circuit has further cautioned that

reconsideration after entry of judgment should be used sparingly.  *Id.*

The Court has previously considered and addressed a number of the arguments raised by

West Virginia regarding preemption and the nexus requirement under federal officer removal.[6]

To the extent the Court has not addressed arguments raised in West Virginia's Rule 59(e) motion,

such arguments could have been raised prior to the issuance of this Court's judgment.

Accordingly, the Court finds that these arguments do not constitute appropriate grounds for

reconsideration under Rule 59(e).

In addition to the arguments that do not warrant reconsideration under Rule 59(e), West

Virgina also asserts that the Supreme Court's recent opinion in *Hencely v. Flour Corp.*, 608 U.S.

—, 146 S.Ct. 1086 (2026), which was decided the day after this Court issued its *Memorandum*

*Opinion*, established an intervening change in controlling law, and thus, compels a different result

in this case.[7]  However, upon review of the Supreme Court's opinion in *Hencely*, the Court finds

it inapplicable to this case.  Unlike this case, *Hencely* did not involve "any federal statute" that

---

[6] To the extent that West Virginia cites the Supreme Court's recent decision in *Chevron USA Inc. v. Plaquemines Parish, La.*, 608 U.S. —, 146 S.Ct. 1052 (2026), that case supports the reasoning in this Court's *Memorandum Opinion* as to the nexus requirement.  Specifically, the Court in *Chevron* explained that § 1442(a)(1) "contemplates removal of suits against officers or their agents for acts that were not done under color of their offices, so long as the suits 'relat[e] to' such acts."  *Chevron*, 146 S.Ct. at 1063.  As that Court reasoned, this is because "[t]he phrase 'relating to' sweeps broadly," and requires that a connection bear "some relation" as opposed to one that is "tenuous, remote or peripheral."  *Id.* at 1060-61.  Under this reasoning, "[o]ne thing can relate to another even if the connection is 'indirect'" or "even if it was 'not specifically designed to affect' it."  *Id.* at 1060.  In other words, "a removing defendant need not show that his federal duties specifically required or strictly caused the challenged conduct."  *Id.*

[7] West Virginia also cites *Monsanto Co. v. Durnell*, No. 24-1068, which is currently pending before the Supreme Court and may be relevant to this case given the issues raised.  However, despite its possible relevancy, this Court cannot base its ruling on a case currently pending before the Supreme Court.

would support preemption. *Hencely*, 146 S.Ct. at 1093. Rather, it concerned federal common law preemption under *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988), which applies in "a few areas, involving 'uniquely federal interests,' [that] are so committed by the Constitution and laws of the United States to federal control. . . [and that are] fashioned by federal courts *in the absence of congressional action*." *Id.* at 1094 (emphasis added) (quoting *Boyle*, 487 U.S. at 504).[8] This case does not involve federal common law preemption as in *Hencely*, but rather, involves an obstacle preemption issue.[9] Specifically this Court addressed whether the objectives of the two federal statutes at play, the OSH Act and the Mine Act, would be obstructed by West Virginia's claim and found that it would. *Hencely* does not constitute an intervening change in controlling law.

Wherefore, after thorough review and careful consideration, and finding that West Virginia has failed to assert any valid grounds under Rule 59(e), the Court **ORDERS** that *The State's Motion to Set Aside, Alter, or Amend the Judgment Order* (Document 36) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      June 5, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[8] The Court in *Hencely* found that *Boyle* did not support the Fourth Circuit's *per se* rule that a tort claim arising out of a private military contractor's combat activities is preempted whenever the military retained command authority over that contractor. *See Hencely*, 146 S.Ct. at 1097. The Court further found that no provision of the Constitution, any statute, nor any of its precedents supported the *per se* rule adopted by the Fourth Circuit. *Id.* at 1097-99.

[9] The other form of preemption at issue is impossibility preemption, but West Virginia does not appear to be invoking *Hencely* as it pertains to that form of preemption. Nonetheless, for reasons similar to obstacle preemption, the Court would find *Hencely* inapplicable.